UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHAMMAD HAIDER AGHA HASAN,<br><br>Plaintiff,<br><br>v.<br><br>JEFFREY S WHITE,<br><br>Defendant. | Case No. 19-cv-03979-JST<br><br>**ORDER GRANTING IFP APPLICATIONS AND DISMISSING COMPLAINTS**<br><br>Re: ECF Nos. 2, 3, 5, 8 |
| MOHAMMAD HAIDER AGHA HASAN,<br><br>Plaintiff,<br><br>v.<br><br>JEFFREY S WHITE,<br><br>Defendant. | Case No. 19-cv-04036-JST<br><br>Re: ECF Nos. 2, 3, 4, 6 |

Before the Court are numerous motions filed by pro se Plaintiff Mohammad Haider Agha Hasan in two related cases.[1] In case number 19-cv-03979-JST, Hasan has filed a motion for preliminary injunction, ECF No. 2, motion for leave to proceed in forma pauperis, ECF No. 3, motion for permission for electronic case filing, ECF No. 5, and a motion seeking to disqualify the undersigned judge, ECF No. 8. Hasan has filed similar motions in the second case. *See* No. 19-cv-04036-JST, ECF Nos. 2, 3, 4, 6. The Court will deny the motions to disqualify, grant the motions to proceed in forma pauperis, and dismiss the complaints pursuant to 28 U.S.C. § 1915(e).

---

[1] Case Number Case No. 19-cv-04036-JST was initially assigned to Judge William Orrick, who sua sponte referred the case to the undersigned judge for a determination whether the cases were related. No. 19-cv-04036, ECF No. 10. The undersigned issued an order relating the two cases. *Id.*, ECF No. 11.

## I. MOTIONS TO DISQUALIFY

Motions to disqualify a judge fall under two statutory provisions: 28 U.S.C. § 144 and 28 U.S.C. § 455. "Section 144 provides a procedure for a party to recuse a judge," whereas "[s]ection 455 imposes an affirmative duty upon judges to recuse themselves." *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993).

Under section 144, a party seeking recusal must file a timely and sufficient affidavit averring that the judge before whom the matter is pending has a personal bias or prejudice either against the party or in favor of an adverse party, and setting forth the facts and reasons for such belief. *See* 28 U.S.C. § 144. If the affidavit is legally sufficient – i.e., it "state[s] the facts and the reasons for the belief that bias or prejudice exists," 28 U.S.C. § 144, – the judge at whom the motion is directed must refer the motion to another judge for a determination of its merits. *United States v. Sibla*, 624 F.2d 864, 867-68 (9th Cir. 1980). Where the affidavit is not legally sufficient, however, the judge at whom the motion is directed may determine the matter. *Id.*

Section 455 requires a judge to disqualify himself "in any proceeding in which his impartiality might reasonably be questioned," 28 U.S.C. § 455(a), including where the judge "has a personal bias or prejudice concerning a party," *id.* § 455(b)(1). Unlike section 144, section 455 is "directed to the judge, rather than the parties, and is self-enforcing on the part of the judge." *Sibla*, 624 F.2d at 867-68. Section 455 does not provide a procedural mechanism to refer the recusal question to another judge. *Id.*

The substantive test for personal bias or prejudice is identical under section 144 and section 455. *Id.* "Under both statutes, recusal is appropriate where a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman*, 987 F.2d at 626 (internal quotation marks and citations omitted). Consequently, an affidavit filed under section 144 will raise a question concerning recusal under section 455 as well. *Sibla*, 642 F.2d at 867.

Although Hasan references only section 455 in his motions, the Court construes them as motions brought under section 144, thus triggering an analysis under both statutory provisions.

No. 19-cv-03979-JST, ECF No. 8.[2] The Court does so for two reasons. First, as explained above, section 455 requires a judge to recuse himself on his own initiative and, therefore, does not require a motion. As a party seeking the judge's recusal, Hasan must use the procedure laid out in section 144. Second, section 144 provides for an additional procedural safeguard that is not available under section 455: referral to a second judge to decide the recusal question. In light of Hasan's pro se status, the Court construes the recusal motions as brought under section 144.

However, even construing Hasan's motions as the affidavits required by section 144, they fail to establish any basis, under either section 144 or section 455, for a determination that the Court's impartiality might reasonably be questioned herein, and consequently are insufficient as a matter of law. Hasan does not proffer any "facts" or "reasons for the belief that bias or prejudice exists," 28 U.S.C. § 144, but instead asks the Court to consider whether such facts or reasons exist, No. 19-cv-03979-JST, ECF No. 8 at 5, and to disclose any potentially relevant facts in response in response to a series of interrogatories, *id.* at 23. Accordingly, the affidavits are legally insufficient and do not require referral to another judge for decision.

Reviewing the motions and the record before the Court, it discerns no grounds for recusal under either section 144 or section 455. The Court therefore DENIES the motions for recusal and proceeds to decide the remaining motions in these cases.

## II. APPLICATION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

A court may authorize a plaintiff to prosecute an action in federal court without prepayment of fees or security if the plaintiff submits an affidavit showing that he or she is unable to pay such fees. 28 U.S.C. § 1915(a).

Here, Hasan has submitted the required documentation, and it is evident from his application that his assets and income are insufficient to enable him to pay the filing fees. Accordingly, Hasan's motions to proceed in forma pauperis are GRANTED. No. 19-cv-03979-JST, ECF No. 3; No. 19-cv-04036-JST, ECF No. 4.

---

[2] Because Hasan's second motion to disqualify is substantively identical, the Court cites to first motion only. *Compare* no. 19-cv-04036-JST, ECF No. 3.

## III. DISMISSAL

A court is under a continuing duty to dismiss a case whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "[S]ection 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).

In his first case, Hasan asks the Court to stay two actions currently pending before Judge Jeffrey White of this district. ECF No. 1 at 8; *see also In re Hasan*, No. 18-cv-05806-JSW (N.D. Cal.); *Hasan v. California*, No. 18-mc-80163-JSW (N.D. Cal.). Hasan further requests that the Court order the two cases transferred to another judge; in effect, to disqualify Judge White. ECF No. 1 at 8. Finally, Hasan asks the Court to rule on motions currently pending in those cases. *Id.*

The Court lacks the authority to grant the request relief. The Court cannot stay actions before another judge, nor rule on motions pending in another judge's case.

Hasan's request to disqualify Judge White is also not properly before this Court. As detailed above, a party may seek a judge's recusal in a case by filing a timely and sufficient affidavit pursuant to 28 U.S.C. § 144 *in that case*. It appears that Hasan has already filed a request in his case before Judge White, *In re Hasan*, No. 18-cv-05806-JSW, ECF No. 12, which was denied, *id.*, ECF No. 20. Any relief from that decision must come from a higher court. *See, e.g.*, *Yagman*, 987 F.2d at 626-27 (affirming denial of motion to recuse).

Accordingly, Hasan's complaint in case number 19-cv-03979-JST is DISMISSED. The Court DENIES Hasan's motion for a preliminary injunction, *id.*, ECF No. 2, and motion for permission for electronic case filing, *id.*, ECF No. 5, as moot.

In his second case, Hasan raises similar claims based on Judge White's adjudication of the two pending actions. No. 19-cv-04036-JST, ECF No. 1 at 3-9. Based on these claims, Hasan seeks $10 million in damages. *Id.* at 10.

Judge White is immune from suit on these claims for money damages. *See Mireles v. Waco*, 502 U.S. 9, 9-12 (1991) (per curiam). And, as explained above, Hasan has identified no

1 non-monetary relief that the Court could permissibly issue on these claims.

2 Accordingly, Hasan's complaint in case number 19-cv-4036-JST is DISMISSED. The Court DENIES Hasan's motion for a preliminary injunction, *id.*, ECF No. 2, and motion for permission for electronic case filing, *id.*, ECF No. 6, as moot.

## CONCLUSION

For the foregoing reasons, the Court dismisses without prejudice Hasan's complaints in the two above-captioned actions.

Hasan may file an amended complaint in either or both actions, not later than thirty days from the date of this order which corrects the deficiencies addressed in this order. Failure to do so, or failure to otherwise comply with this order, will result in dismissal with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, which means that Hasan will not be allowed to pursue this claim any further.

Hasan may wish to consult the resources for pro se litigants on the Court's website, https://cand.uscourts.gov/pro-se. These materials include the manual, "Representing Yourself in Federal Court: A Handbook for Pro Se Litigants," which can be downloaded at https://cand.uscourts.gov/prosehandbook or obtained free of charge from the Clerk's office.

Hasan may also wish to seek assistance from the free Legal Help Center operated by the Bar Association of San Francisco. The Legal Help Center has two locations: 450 Golden Gate Avenue, 15th Floor, Room 2796, San Francisco, California, and 1301 Clay Street, 4th Floor, Room 470S, Oakland, California. Assistance is provided at both offices by appointment only. Litigants may schedule an appointment by signing up in the appointment book located on the table outside the door of the Center at either location, or by calling the Legal Help Center appointment line at (415) 782-8982.

**IT IS SO ORDERED.**

Dated: August 5, 2019

_____
JON S. TIGAR
United States District Judge